Filed 10/29/24  P. v. Burton CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B334862 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA505338) |
| v. | |
| MATTHEW LEE BURTON, | |
| Defendant and Appellant. | |

THE COURT:

On the morning of May 9, 2022, defendant and appellant Matthew Lee Burton entered a convenience store, told the security guard that he was armed with a handgun, and demanded free liquor.  Defendant left the store empty-handed, but returned later that morning and repeated his demands. When the clerk tried to rebuff him, defendant grabbed his waistband and said "'I'll do it myself[.]'"  He then walked behind the cash register and loaded a grocery bag with liquor bottles and other items.  Defendant was arrested upon leaving the store.

In an amended information filed by the Los Angeles County District Attorney's Office, defendant was charged with two counts of robbery (Pen. Code, § 211)[1] and one count of attempted second degree robbery (§§ 664, 211).  The information also alleged that defendant had a prior conviction for robbery, a serious and/or violent felony.

Defendant's pretrial counsel raised doubts as to his competency, as defendant was a client of the Frank D. Lanterman Regional Center (Regional Center).  The trial court suspended proceedings pending a competency assessment.

In February 2023, a psychologist evaluated defendant and diagnosed him with, inter alia, a mild intellectual disability, attention-deficit/hyperactivity disorder, posttraumatic stress disorder, and substance induced psychotic disorder due to daily methamphetamine abuse.  The psychologist determined that defendant was competent, but recommended sending his case to a Regional Center diversionary program (§ 1001.22)

The Eastern Los Angeles Regional Center (East Regional), which oversaw defendant's Regional Center services, informed the trial court that it "[d]id not believe that [defendant] is appropriate" for diversion.  Defendant had a history of "defian[ce] with staff" and "illegal and dangerous behaviors[,]" including "br[inging] transients home to his [East Regional-provided] apartment" and "br[eaking] into staffs' cars to take money." Because of his "extensive history of maladaptive behaviors, violent behaviors towards staff and the community, and . . . unwillingness to accept voluntary services[,]" East Regional was "unable to formulate a proposed diversion plan[.]"

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

Following these developments, defendant pled no contest to one count of assault by force (§ 245, subd. (a)(4)) and one count of criminal threat (§ 422). He also admitted to the prior robbery conviction, which constituted a prior "strike" under California's "Three Strikes" law (§§ 667, 1170.12). Defendant was sentenced to a total of six years in state prison.

Following defendant's notice of appeal, the trial court granted a certificate of probable cause.

We appointed counsel to represent defendant for this appeal. Counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and asked this court to independently review the record to determine whether any arguable issues exist.

On July 2, 2024, we informed defendant by letter that he had 30 days within which to personally submit any grounds for appeal, contentions, or arguments for us to consider. To date, we have received no response from defendant.

We have independently examined the entire record on appeal and are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no arguable issues exist. (*Wende*, *supra*, 25 Cal.3d at p. 441.)

Defendant has, by virtue of counsel's compliance with the *Wende* procedure and our independent review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

ASHMANN-GERST, Acting P. J.   CHAVEZ, J.   HOFFSTADT, J.